806

**Ghafour ASEMANI, a/k/a Billy G. Asemani, Appellant**

v.

**ISLAMIC REPUBLIC OF IRAN, et al., Appellees.**

No. 04–7182.

United States Court of Appeals, District of Columbia Circuit.

June 22, 2005.

Ghafour Asemani, Ellicott City, MD, pro se.

Before EDWARDS, RANDOLPH, and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM

**ORDERED AND ADJUDGED** that the orders of the district court dated June 10, 2004, September 29, 2004, and October 13, 2004, be affirmed. The district court properly dismissed appellant's claim under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"), for failure to state a claim upon which relief can be granted. The FSIA does not provide a cause of action against a foreign state defendant, *see Cicippio–Puleo v. Islamic Republic of Iran,* 353 F.3d 1024, 1033–34 (D.C.Cir.2004), and generic common law torts cannot be the source of a federal cause of action against a foreign state. *See Acree v. Republic of Iraq,* 370 F.3d 41, 59 (D.C.Cir.2004). The court also did not abuse its discretion when it dismissed appellant's claim under the Flatow Amendment, 28 U.S.C. § 1605 note, for failing to identify any known defendants. Appellant has not demonstrated that the identities of the unknown defendants could be ascertained through discovery. *Cf. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court did not abuse its discretion in denying appellant's post-judgment motions to add named defendants, because appellant did not demonstrate that there was an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," a "more stringent" standard which must be met before a plaintiff may amend his complaint post-judgment. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996); *see* Fed. R.Civ.P. 59(e). Finally, it was not an abuse of discretion for the district court to deny appellant's motion for leave to file a brief in support of his generic assault and battery claims against Iran. *See Acree,* 370 F.3d at 59.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.